In the Matter of Frederick L. Brown. July 9, 1998. *Judge. Commission on Judicial Conduct.*

Following the release of our opinion in *Matter of Brown, ante* 146, 154

---

(1998), in which we publicly reprimanded Justice Brown for violating Canons 2 (A) and 3 (A) (3) of the Code of Judicial Conduct, S.J.C. Rule 3:09, as appearing in 382 Mass. 809 (1981), Justice Brown moved for an order that the Commonwealth pay the legal fees and costs he incurred in defending himself during the disciplinary proceedings. He relies on G. L. c. 211C, § 7 (15), which states that, with this court's approval, the Commonwealth shall pay reasonable attorney's fees "in any case where the matter is dismissed by the [C]ommission [on Judicial Conduct] at any stage after the filing of a sworn complaint or statement of charges, where the supreme judicial court determines despite a commission recommendation for discipline that no sanction is justified, or where the supreme judicial court determines that justice will be served by the payment of such fees."

Because the commission did not dismiss "the matter" and because this court did not determine that no sanction should be imposed, the only basis in § 7 (15) for the award of attorney's fees in this proceeding is the provision for such an award where this court "determines that justice will be served by the payment of such fees."

General Laws c. 211C, § 7 (15), principally concerns the reimbursement of a judge who has not been subjected to any sanction. Justice would not be served by ordering the payment of attorney's fees to a judge who violated the Code of Judicial Conduct, except where special circumstances call for some reimbursement as a matter of fairness. Such a case might exist, for example, if a judge, charged with separate ethical violations, based on facts independent of one another, was exonerated on one or more of them. That is not the circumstance here. There were five charges against Justice Brown, all arising out of the same incident. Only two charges were the basis of the discipline imposed. The services of Justice Brown's counsel were not severable by the nature of the five charges or by the facts presented in support of or in opposition to those charges. Justice would not be served by the payment of attorney's fees for services in connection with disciplinary charges that were established against a judge.

We deny the application for the payment of attorney's fees and costs.

*So ordered.*

*Henry F. Owens, III*, for Frederick L. Brown.

*Michael B. Keating (Jack W. Pirozzolo* with him) for Commission on Judicial Conduct.